## ANDERSON et al. v. SOUTHWESTERN PRESBYTERIAN HOME AND SCHOOL FOR ORPHANS.

No. 3011.

Court of Civil Appeals of Texas. Waco.
April 17, 1952.

Rehearing Denied May 15, 1952.

Hattie L. Henenberg, Earl R. Parker, Dallas, for appellants.

Bryan & Sims, Hillsboro, for appellee.

TIREY, Justice.

This is a plea of privilege case. The Southwestern Presbyterian Home and School for Orphans, acting through its president, brought this suit against Mrs. O. O. Anderson, a resident citizen of Tarrant County, and alleged substantially that on the 25th day of October, 1948, Helen Sue Crenshaw, a girl now thirteen years of age, was admitted to said institution and that by reason thereof it acquired the legal custody of such child and has since such date had such custody and is entitled to retain it; that Mrs. O. O. Anderson has threatened to take and remove such child from its legal custody and from the premises of the plaintiff; that defendant Mrs. Anderson is a woman of bad reputation who would, if permitted to have custody of such child, have a very detrimental and harmful influence upon the child and would destroy the beneficial results of the care and training that the plaintiff has bestowed upon such child. Plaintiff prayed for a temporary restraining order against defendant and upon such hearing that temporary injunction be granted against defendant restraining her from taking custody of such child. Defendant seasonably filed her plea of privilege to be sued in Tarrant County, the county of her residence, and subject to such plea the defendant, without waiving her plea of privilege, moved that suit for injunction be abated for the reason that she was a married woman and she was not joined by her husband and without waiving her plea she moved that suit be dismissed for want of jurisdiction, and without waiving her plea of privilege filed a cross-action in which she set out that she was the mother of the child; that she had never at any time surrendered her legal right to the child, and that plaintiff is holding the child in its possession and refuses to deliver it to her; that since the placing of the child in the plaintiff's home conditions surrounding her environment and financial status have materially changed to the extent that she is now able to provide said child with a Christianlike home and can properly rear her daughter; and she asked that writ of habeas corpus issue in her behalf, commanding the plaintiff to produce the child in court in order that the question of her custody be determined by the court. She prayed for appropriate relief. Plaintiff seasonably filed controverting affidavit in which it denied the allegations in the defendant's plea to exclusive venue. Plaintiff in the controverting affidavit adopted its entire petition and made it a part of its controverting plea and in addition thereto alleged that plaintiff was a resident of Hill County, Texas, in which the suit was brought, and that plaintiff was the legal custodian of the minor, and since the minor resides in plaintiff's institution that the district court of Hill County has venue in this cause, and that the district court holds the constitutional, supervisory control of infants in its jurisdiction and has the power and authority to issue orders necessary and proper for their welfare.

The trial court overruled defendant's plea of privilege, to which defendant duly excepted and gave notice of appeal. The court by separate order granted the temporary writ of injunction against the defendant enjoining her from taking or removing the minor Helen Sue Crenshaw from the care and custody of plaintiff and from visiting her at plaintiff's home and further decreed that the care, custody and control of such minor be surrendered to the plaintiff herein pending further orders of the court. This order required the plaintiff to file bond in the sum of $300 payable to defendant, with two or more

good and sufficient sureties before the issuance of such restraining order, and the court further appointed Mrs. Adanee Hall, investigator, for the purpose of making and conducting an investigation of the home and environment and circumstances of defendant and directed Mrs. Hall to report to the court prior to November 1, 1951 the results of her investigation. Defendant seasonably excepted to this judgment and gave notice of appeal.

Appellant assails the judgment substantially on the ground that the court erred in overruling her plea of privilege and asked that the cause be transferred to the proper district court of Tarrant County and that since her plea of privilege. should have been sustained that all orders entered by the trial court subsequent to the order overruling defendant's plea of privilege should be declared to be void and of no effect and that the writ of injunction granted should be dissolved. It is our view that defendant's plea of privilege should have been sustained and the injunction dissolved and the other orders entered be set aside and held for naught. We think that each of these contentions must be sustained for reasons hereinafter briefly noted.

 Plaintiff's original petition alleges in effect that it has the legal custody, control and possession of said child and it seeks to enjoin the appellant from removing and taking the minor from the custody and possession of appellee and from in any manner molesting said child and it asks for no other relief. The prayer is: "Plaintiff prays that the said defendant and all other persons be temporarily restrained and enjoined pending hearing hereon and that she and/or they be temporarily enjoined upon such hearing from removing and taking said child from the custody and possession of the plaintiff and from any manner molesting said child." We think the venue of this suit is controlled by Art. 4656, Vernon's Ann.Civ. Stats.: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered;

writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile." The foregoing article was a part of the Acts of 1846 and there has been no substantial change made in it by any of the succeeding legislatures. This court in Box v. Oliver, Tex.Civ.App., 43 S.W.2d 979, in a per curiam opinion, construed this statute and held in effect that where injunctive relief is the sole purpose of a suit, the provisions of the article are. mandatory and the court is without authority to make an order restraining an inhabitant of another county or to make the writ returnable to the district court of the county other than the county where the defendant resides. It is elementary that in plea of privilege cases we look to the plaintiff's original petition to determine the nature of the suit. As we have heretofore stated, the petition alleged that plaintiff had the legal custody and control of the minor, and further alleged that the defendant resided in Tarrant County and asked that the temporary writ of injunction. be issued against the defendant and that she be enjoined from interfering with their legal custody and control. It did not allege that defendant was in Hill County interfering with or molesting the plaintiff in its custody and control of the minor. It is our view that under the foregoing statute the district court of Hill County was without the statutory right or power to issue the temporary writ of injunction against the defendant in Tarrant County and that it was likewise without authority to make the writ returnable to the district court of Hill County. The rule announced by this court in Box v. Oliver, supra, was again followed by the court in Bridges v. Williams, Tex.Civ. App., 154 S.W.2d 669. See also City of Dallas v. Armour & Co., Tex.Civ.App.,

216 S.W. 222 (writ ref.) and Love v. Worsham, Tex.Civ.App., 101 S.W.2d 598. It is well settled in Texas that in order to deprive a defendant of the right of trial in the county of his domicile the case filed against him must clearly come within one of the exceptions found in Art. 1995, Vernon's Ann.Civ.Stats., and the burden rests upon the plaintiff to allege and prove that the cause of action comes within the exception. That was the rule announced by our Supreme Court in A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, point 2, and cases there collated. Moreover, when a person is sued outside the county of his residence and files a plea of privilege to be sued in the county of his residence according to the form as now provided by Rule 86, T.R.C.P., such plea, duly verified and filed in time, becomes prima facie proof of his right to be sued in the county of his residence. If the plaintiff desires to overcome this prima facie proof he must within the time provided controvert such plea under oath. When the plea of privilege is filed and same is duly controverted, then the court says the following rule is applicable: "* * * under the plain terms of such statutes, such controverting plea must set out specifically the fact, or facts, relied on by the plaintiff to establish venue in the court where the case is pending. In this connection, the statute unquestionably contemplates that the controverting plea constitutes the pleadings of the plaintiff on the issue of venue, and such plea must allege all the facts that are necessary to be proved to sustain the venue in the court where the suit is filed." See Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391, 393. We have examined the appellee's controverting affidavit here filed and it fails to meet the above test. It is true that it attached copy of the original petition to the controverting affidavit and made it a part for all purposes, but such petition likewise fails to meet this test. Although the foregoing decisions were written before the adoption of the new rules as provided in Texas Rules of Civil Procedure, the foregoing decisions of our Supreme Court are applicable to Rule 86, T.R.C.P., now controlling, and have been followed consistently. See cases collated in Texas Digest, Vol. 30, Pleading, ☞ 111. Our Supreme Court in National Life Ins. Co. v. Rice, 140 Tex. 315, 167 S.W. 2d 1021, held in effect that the exceptions to Art. 1995, Vernon's Ann.Civ.Stats., must be strictly construed and clearly established before a citizen can be deprived of his right to be sued in the county of his domicile. It is true that appellant in the court below, subject to her plea of privilege, filed certain pleas in bar and a cross-action in which she asked for the care and custody of the child, but since she did not waive her plea of privilege and insisted upon same she had the right under the record here made to have her plea of privilege sustained and to have the cause transferred to one of the district courts of Tarrant County.

It follows that the judgment entered by the district court of Hill County must be reversed and rendered and the cause transferred to one of the district courts of Tarrant County pursuant to Rule 89, T.R.C.P. Therefore, this cause is reversed and rendered with instructions to the district court of Hill County to transfer the cause to one of the district courts of Tarrant County.

Reversed and rendered with instructions.

LESTER, C. J., took no part in the consideration and disposition of this case.