## TEXAS EMPLOYERS INS. ASS'N v. KELLY.

### No. 12595.

Court of Civil Appeals of Texas. Galveston.

July 22, 1953.

Rehearing Denied Oct. 22, 1953.

Fulbright, Crooker, Freeman & Bates, Walter E. Babel, Jr., of Houston, for appellant.

F. Warren Hicks, Walter L. Sutherland, of Houston, for appellee.

CODY, Justice.

This is an appeal from an order overruling the plea of privilege filed by appellant, the Texas Employers Insurance Association, the compensation carrier for appellee's employer. The suit was brought in Harris County by appellee, John B. Kelly, to set aside a compromise settlement of appellee's claims against appellant for compensation benefits for injuries received by appellee on September 6, 1952, in the course of his employment with the Texas Pipe Bending Corporation.

Appellant's residence is in Dallas County. Appellee did not deny that such was the county of appellant's residence, but by his controverting plea, alleged venue in Harris County by virtue of Sections 7 and 9 of R.C.S. Art. 1995, Vernon's Ann.Civ.St. art. 1995, subds. 7, 9, respectively, relating to cases of fraud, and to cases of affirmative trespass.

At the time appellee received his injury he was 21 years old, married, and the fath-

er of three children. The injury resulted from a fall which temporarily numbed his legs. He was taken to the Parkview Hospital in Houston, where he stayed for some two weeks under the care of Dr. J. T. Ainsworth who was employed by appellant, and who made reports to appellant on appellee's condition. Appellee was unable to return to work for some eight to ten weeks after his injury, and then could only do light duties, such as he could perform while sitting.

Appellee had been told by Dr. Ainsworth and appellant's adjuster, Jack Keith, that he had an acute back strain. It did appear from appellee's testimony, who, incidentally was the only witness to testify, that before the settlement agreement was executed, that he was told by Dr. Ainsworth that a mere back strain should have shown more improvement; and appellee further testified that Dr. Ainsworth sent him to see a specialist. Appellee never received any report as to said specialist's opinion or findings as to his condition.

On December 3, 1952, appellee was called to the office of his employer, in Houston. Two of appellant's adjusters were there, one of them being the aforesaid Keith; and appellee's employer, Mr. Raymond Beeley (the owner of the Texas Pipe Bending Corporation) also was in the office and participated in the negotiations or representations to the extent hereafter noted. Mr. Keith there represented to appellee that he wanted to close his books for the year; and insisted that appellee had only an "acute back strain" which was improving, and harped on how badly in need of money appellee was. From the evidence as to what representations were made to appellee at said meeting of December 3, 1952, the court was warranted in concluding that Mr. Keith and Mr. Beeley represented that if appellee would sign the agreement, he would have his job with his employer for as long as he wanted it. Appellee testified that he relied on all the representations made to him at said meeting. The settlement agreed upon was that appellee should receive $100 for his release of which $35 was paid. On December 12, 1952, the Industrial Accident Board approved the settlement as agreed

upon when it should be consummated. Immediately thereafter appellee was discharged by his employer.

Appellee's lawyers, whom he had employed some month or two prior to the execution of the settlement agreement, acting for appellee, declined on behalf of appellee to complete the settlement, and appellee declined to receive the remaining $65 of the agreed $100. The evidence further showed that appellee's lawyers had sent appellee to a doctor to be examined prior to the time of the agreed settlement. Appellee had not received a report from such doctor as to his condition at the time the settlement was agreed to on December 3, or approved by the Industrial Accident Board on December 12. It is a fair inference from the evidence that appellant did not know appellee had employed lawyers, or had been sent to see a doctor of his lawyer's choice at the time of the settlement. The evidence shows that appellee's lawyers did not know that appellee was settling his claim behind their back.

The court, trying the case without a jury, made the order overruling the plea of privilege, as stated above. No conclusions of fact or law were requested, and none were filed.

Appellant predicates its appeal upon four points to the effect (1) there was no evidence to show that appellant committed a fraud upon appellee in Harris County, Texas, and (2) that there was insufficient evidence to show that appellant so committed a fraud on appellee in Harris County, and (3) that there was no evidence to show that appellant committed an affirmative trespass upon appellee in Harris County, and (4) that the evidence was insufficient to show that appellant so committed an affirmative trespass in Harris County.

We overrule appellant's points 1 and 2. From the evidence, which stands undisputed in the record, appellee received a painful injury on September 6, 1952, which required that he be treated in the hospital for some two weeks, and which prevented him from returning to work for some eight to ten weeks. The evidence

shows that he still suffers such pain that it greatly hampers him when he tries to work. The evidence will reasonably support the inference that Dr. Ainsworth represented to appellee, and believed it, that appellee had an "acute back strain," which would soon pass. That is to say, Dr. Ainsworth in effect represented to appellee that his injury was a minor one from which he would soon recover. It was not necessary for the doctor to know that his representation was not true to charge his employer with liability for legal fraud if said representation was not true, and was believed and acted upon by appellee. O'Quinn v. Texas Employers Insurance Association, Tex.Civ. App., 219 S.W.2d 119, 122. The doctor subsequently became doubtful that the injury was a mere "acute back strain," and communicated this doubt to appellee, and sent appellee to see a specialist. Appellee never received any report as to such specialist's findings, nor learned whether such specialist confirmed Dr. Ainsworth's original representation. Appellee could reasonably conclude that the adjusters, who represented to him on December 3, 1952, that he would soon be recovered from his injury, were speaking from their doctors' reports. We have concluded that the court was warranted in sustaining jurisdiction under Subdivision 7 of Article 1995, as for a fraud committed on appellee in Harris County. It was competent for appellee to testify that his back continued to hurt, and that he could see no improvement at the time of the trial. Coca Cola Bottling Co. of Ft. Worth v. McAlister, Tex.Civ.App., 256 S.W.2d 654, 656.

■ Furthermore, the court was, we believe, warranted in concluding that the representation to appellee that he could have his job as long as he wanted it was a fraud committed in Harris County, fixing venue there under Subdivision 7 of Article 1995. Appellee was discharged right after the Industrial Accident Board approved the settlement. The court could conclude that such representation was knowingly false when made. See Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S.W. 873, 874; Squyres v. Christian, Tex.Civ.App., 242 S. W.2d 786, 791; 20 Tex.Jur. 162. An inadequate consideration will authorize the court to find fraud upon slight evidence. Swink v. City of Dallas, Tex.Com.App., 36 S.W.2d 222, 227. The cases cited by appellant to the effect that appellee was bound by what his lawyers did, or what his own doctor might have learned about the nature of his injury, are not in point. The evidence shows that appellee's lawyers had taken no active steps in the case on or before December 3, 1952, and that appellee had received no report from his doctor.

■■ We now pass to a discussion of whether the evidence is sufficient to support the court's presumed finding that the facts were sufficient to show an affirmative trespass committed on appellee in Harris County so as to support venue in Harris County under Subdivision 9, Article 1995. We recently reviewed the authorities bearing on the meaning of "trespass" as used in said Subdivision in Banana Supply Co. v. Driskell, Tex.Civ.App., 250 S.W.2d 595, 598. We there found that the Supreme Court had not departed from its early holding that "trespass" as there used "was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty." We do not believe that a mere fraudulent representation is in and of itself a wrongful *act* so as to constitute a "trespass" within the meaning of Subdivision 9, Article 1995, and so hold that the evidence was not sufficient to support holding venue in Harris County under Subdivision 9. In any case we do not hold that venue was fixed in Harris County under Subdivision 9.

But having overruled appellant's points 1 and 2, we must affirm the trial court's action in overruling appellant's plea of privilege.

Affirmed.

MONTEITH, C. J., not sitting.