**H. O. SIMS et al., Appellants,**

**v.**

**John C. WHITE, Commissioner of Agriculture, Appellee.**

**No. 15134.**

Court of Civil Appeals of Texas.

Dallas.

June 1, 1956.

Clyde Elliott, Jr., Canton, for appellants.

John Ben Shepperd, Atty. Gen., Burnell Waldrep, Asst. Atty. Gen., for appellee.

CRAMER, Justice.

This is an appeal from an order sustaining a plea of privilege filed by appellee Commissioner to be sued in Travis County.

Appellant Sims and several hundred growers and shippers of sweet potatoes in Van Zandt County and other East Texas Counties filed suit seeking an injunction to prohibit the Commissioner from enforcing, as against them, the provisions of Senate

Bill 328, 54th Leg., 1955, p. 1170, ch. 451, Vernon's Ann.Civ.St. Art. 118c–3, sections 1 to 7, inclusive, wherein the Commissioner of Agriculture of the State of Texas is directed to (a) adopt standards for the grading and classification and packing of sweet potatoes; (b) issue and promulgate rules and regulations as to the proper marking of sweet potato containers; the issuance of certified tags of inspection and the tagging of the vehicle of transportation; (c–e) make rules and regulations as to procedures under the Act, direct inspectors in their inspection and classification services; to fix and collect inspection fees, etc.; prohibiting the sale, transportation, etc., of sweet potatoes in commercial quantities unless they have been inspected, classified and graded in accordance with the provisions of the Act; defining commercial quantities; and providing that out of State potatoes are also subject to the Act. Section 3 provides: "Every grower of sweet potatoes in this State may dispose of his own crop of sweet potatoes without complying with, or being subject to, the provisions of this Act." The Act also provides for and requires an inspection certificate, and for the use, or disposition of, fees collected, etc.

Appellants brief one point of error: "It was undisputed that the Commissioner of Agriculture through his agents and employees was enforcing the Sweet Potato Inspection and Classification Law in Van Zandt County, and that such enforcement was taking appellants' property in the form of inspection fees, and that the inspection fees together with containers required for such inspection were very costly to appellants; the Court erred in refusing to hear appellants' application upon its merits for the purpose of determining the right of appellants to immediate injunctive relief." Appellee countered with three counterpoints: "(1) The trial court did not err in sustaining the appellee's plea of privilege. (2) This action by appellants being purely for injunctive relief, venue is determined by the Injunction Statutes under which venue will lie in the county in which the defendant is domiciled or has residence. (3) No exception under the General Venue Statute, Article 1995, Vernon's Annotated Civil Statutes, exists in this cause."

Article 4656, V.A.C.S., provides: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the state, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile." This Article is mandatory. Anderson v. Southwestern Presbyterian Home, etc., Tex.Civ.App., 248 S.W.2d 775, and cases there cited.

Article 4656 covers two types of suits: (1) Where the injunction granted is ancillary to an action (main suit) for other relief; (2) where, as here, the injunctive relief is the primary and only relief sought.

Former Justice Looney of this Court, in Guillot v. Godchaux, Tex.Civ. App., 73 S.W.2d 924, 925, stated the Rule as follows: "The governing rule is stated in 24 Tex.Jur., § 118, p. 116 [162], as follows: 'In suits purely for injunctive relief the injunction statutes determine the venue; but it is determined by the venue statutes where the main suit is for other than injunctive relief and the injunction is ancillary, incidental or adjunctive * * *.'"

Sterrett v. Gibson, Tex.Civ.App., 168 S.W. 16, the only case cited by appellants, was not based on the injunction statute, but was tried under the provisions of Art. 1995, subd. 20, V.A.C.S., our general

venue statute. Appellants' point is over-ruled, and appellee's counterpoints are sus-tained.

For the reasons stated, the trial court's judgment is

Affirmed.