**RAINBO BAKING COMPANY OF SAN ANTONIO, Appellant,**

v.

**Arthur AIKEN et al., Appellees.**

**No. 13995.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 7, 1962.

Rehearing Denied Dec. 12, 1962.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellant.

Will Wilson, Atty. Gen., Pat Bailey, W. O. Schultz, Asst. Attys. Gen., Austin, for appellees.

POPE, Justice.

This is a venue suit. The first question presented is whether this is essentially a suit against the State or merely against named individuals. The other question is whether Travis County or Bexar County is the proper venue. The trial court ordered the suit transferred from Bexar to Travis County.

Plaintiff, Rainbo Baking Company filed this suit in Bexar County against John C. White, Arthur Aiken, and Sam Barlow, as individuals. All the defendants filed a plea of privilege to be sued in Travis County. The primary and ultimate purpose of the suit is to enjoin those persons from interfering with the sale or distribution of "Old Fashion" bread, or from taking any action against Rainbo's customers who purchase the bread, or from taking possession of the bread produced by Rainbo. From an exhibit in evidence, it appears that these persons, acting under the provisions of Article 1037, Vernon's Ann.Penal Code, have taken steps to force this product off the market. Rainbo also seeks a declaratory judgment concerning the legality of the defendants' conduct.

This is an action against the State of Texas. While the petition names individuals; the undisputed evidence produced at the venue hearing showed that John White is in fact the Commissioner of Agriculture of Texas, that Aiken and Barlow are inspectors for that Department, and that their acts were done upon orders and pursuant to instructions from the Commissioner. The State is the real party against which the relief is sought. Herring v. Houston National Exchange Bank, 113 Tex. 264, 253 S.W. 813. The injunc-

tive relief was sought "to prevent the action of the only officers who were authorized by law to act for the state in the prosecution of its suit. * * * This was, in fact, a proceeding against the state, * * *." Stephens v. Texas & P. Ry. Co., 100 Tex. 177, 97 S.W. 309; 81 C.J.S. States § 216.

Venue for an injunction suit is governed by Article 4656, Vernon's Tex.Civ. Stats. The evidence showed that Barlow and Aiken reside in Bexar County, and that White, individually, resides in Travis County. It is our opinion, however, that the venue for an action against White, as the Commissioner of Agriculture, and his employees acting under orders, is in Travis County. Sims v. White, Commissioner of Agriculture, Tex.Civ.App., 292 S.W.2d 648; Sheppard v. Zapp, Tex.Civ.App., 120 S. W.2d 898.

The judgment is affirmed.