**Louis I. GUION, Jr., et al., Appellants,**

v.

**David A. GIBSON et al., Appellees.**

**No. 224.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 19, 1969.

Frank Finn, Jr., David R. McAtee, John W. Copeland, Thompson, Knight, Simmons & Bullion, Robert H. Mow, Jr., Carrington, Johnson & Stephens, Dallas, for appellants.

William E. Wright, Butler, Binion, Rice, Cook & Knapp, Houston, for appellees.

SAM D. JOHNSON, Justice.

This is an appeal from an order overruling pleas of privilege. Such pleas were filed by appellants, Louis I. Guion, Jr. and John Allen, defendants below, to be sued in Tarrant County, Texas, the place of their residence.

Appellants' basic contention is that the trial court erred in overruling such pleas of privilege because the principal and primary relief sought by plaintiffs was injunctive in nature and, therefore, suit could be maintained only in the county in which defendants reside.

Plaintiffs are David A. Gibson and Rudy M. Groom, who are licensed attorneys at law in Harris County, Texas. Their suit was filed in Harris County against Guion and Allen who were their former clients. Their suit sought both a temporary and permanent injunction to enjoin and restrain the defendants from interfering by suit or otherwise with the plaintiffs' possession of and rights to certain property interests. These property interests were acquired from the defendants under a contingent fee contract entered into by the plaintiffs and the defendants and as a result of their attorney-client relationship. In addition, their suit sought a "declaration" of certain rights under the contingent fee contract. No damages were sought. The temporary

injunction prayed for by the plaintiff was promptly obtained in the trial court. This restraint against the defendants prohibited them from asserting their rights in any other proceedings to properties held and claimed by the plaintiffs.

The defendants timely filed a plea of privilege to be sued in the county of their residence. Plaintiffs filed a controverting plea admitting defendants' residences to be Tarrant County and relying exclusively on exception 5 to Art. 1995, Vernon's Ann. Tex.Civ.St. to maintain venue in Harris County. Article 1995, Sec. 5, provides: "Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Defendants' response to plaintiffs' contention is that the primary and ultimate relief sought by plaintiffs is injunctive in nature. This being true, defendants contend this suit is not governed by exception 5, but instead is governed by exception 30 of Art. 1995, V.A.T.S., and Art. 4656, V.A.T.S. Article 1995, Sec. 30, provides: "Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given." Article 4656 provides: " * * * writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. * * * "

The trial court overruled defendants' contention on the ground that the injunctive relief was merely ancillary to the principal relief sought by plaintiffs.

If the instant case falls within the purview of exception 30, which is specific, and Art. 4656, which is mandatory, it will clearly take preference over the venue provision of exception 5. Whether or not it does is resolved by determining whether the issuance of an injunction is the principal and primary relief sought rather than merely ancillary or auxiliary to other relief sought. The question is one of law determined by the allegations and prayer of plaintiffs' petition. See the extensive authorities cited in 59 Tex.Jur.2d, Venue, Sec. 3.

In Brown v. Gulf Television Co., 157 Tex. 607, 306 S.W.2d 706 (1957), the Supreme Court acquired jurisdiction because of conflicting decisions by two different Courts of Civil Appeals. There the plaintiff airport owner brought suit for a mandatory injunction to compel the removal of a television antenna located in the path of plaintiff's runway approach and, in the alternative, for damages. The defendant television company filed a plea of privilege under Art. 4656. Plaintiff filed a controverting plea relying on exception 14 of Art. 1995. Exception 14 encompasses suits for the recovery of lands or damages thereto. The Court of Civil Appeals, 301 S.W.2d 256 determined that the defendant's plea of privilege should have been sustained and the Supreme Court affirmed. Speaking through Justice Norvell, the Court stated: "The directions in both Article 1995, § 14 and Article 4656 are stated in mandatory terms. They need not be and have not been construed as conflicting. Whenever it can properly be said from the pleadings that the issuance of an injunction is merely ancillary to a judgment awarding a recovery of lands or quieting the title thereto, Article 1995, § 14 has application. (Citations.) On the other hand where the petition discloses that the issuance of a perpetual injunction is the primary and principal relief sought, the special venue provisions of Article 4656 control. 'Where the venue depends on the nature of the suit, such venue is ordinarily

determined by the nature of the principal right asserted and the relief sought for the breach thereof.' (Citations.) The existence of a certain set of facts may entitle a litigant to a choice between legal and equitable remedies and it may seem that no venue distinction between remedies should logically be drawn if convenience of trial for litigants and witnesses be the true basis of the venue exception, but the Legislature has expressly provided a special venue for injunction suits and *in cases where the plaintiff alleges that he has no adequate remedy at law and hence is entitled to and requests injunctive relief, it would seem that he chooses the equitable remedy as and for his primary relief*. The venue of the suit is consequently controlled by Article 4656 rather than Article 1995, § 14." (Emphasis added).

In the instant case plaintiffs pray for a temporary injunction and it was granted by the trial court. The plaintiffs then pray for a permanent injunction alleging there is no other adequate remedy in the premises. Plaintiffs have therefore chosen the equitable remedy as and for their primary and principal relief and venue is controlled by Article 4656 rather than Article 1995, Sec. 5. An examination of plaintiffs' petition reveals that they do not plead breach of contract, do not ask damages, do not seek specific performance and do not ask recision. On the contrary, plaintiffs plead performance. We believe it to be apparent that the principal and ultimate relief sought is to enjoin defendants from attempting to recover or from otherwise interfering with the property previously acquired by plaintiffs from defendants under the contingent fee contract. In other words plaintiffs essentially seek to maintain the status quo by enjoining defendants from taking any action that would in any way interfere with their right of possession or which would in any way dispossess them.

In Rainbo Baking Co. of San Antonio v. Aiken, Tex.Civ.App., 362 S.W.2d 660, no writ hist., the Bexar County plaintiff filed suit in that county to restrain and enjoin defendants from interfering with the sale or distribution of plaintiff's "Old Fashion" bread and further sought, as here, a declaratory judgment concerning the legality of the defendants' past and prospective conduct. Defendants filed a plea of privilege that was sustained by the trial court and the plaintiff appealed. Speaking for the San Antonio Court of Civil Appeals, Justice Pope stated that the primary and ultimate purpose of the suit was to enjoin the defendants. This, despite the fact that plaintiff sought, as here, a declaratory judgment concerning the party's rights and duties under the circumstances. Venue, therefore, was held to be governed by Article 4656. See also Sheppard v. Zapp, Tex.Civ.App., 120 S.W.2d 898, no writ hist.; Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283; Anderson v. Southwestern Presbyterian Home, etc., Tex.Civ.App., 248 S.W.2d 775, err. dismd.; Johnson v. Langdeau, Tex.Civ.App., 326 S.W.2d 866, no writ hist.; Sims v. White, Tex.Civ.App., 292 S.W.2d 648, no writ hist.; Bridges v. Williams, Tex.Civ.App., 154 S.W.2d 669, no writ hist.; and Box v. Newsom, Tex. Civ.App., 43 S.W.2d 981, no writ hist.

■ We are of the opinion that the allegations and prayer contained in plaintiffs' petition clearly show that the primary and ultimate relief sought is injunctive. It necessarily follows that Art. 4656 governs the venue of this suit and that the plea of privilege should have been sustained. Having made this determination we do not reach nor consider defendants' remaining points of error.

The judgment of the trial court is reversed and the cause remanded for transfer to Tarrant County, Texas.