**Dr. Jack BURTON et al., Petitioners,**

**v.**

**Dr. N. Jay ROGERS, Respondent.**

**No. B–4002.**

Supreme Court of Texas.

Dec. 31, 1973.

Rehearing Denied Jan. 30, 1974.

John L. Hill, Atty. Gen., Jack Sparks and Robert L. Oliver, Asst. Attys. Gen., Austin, for petitioners.

Mehaffy, Weber, Keith & Gonsoulin, Robert Q. Keith, C. M. Bradford, Beaumont, for respondent.

SAM D. JOHNSON, Justice.

This is a venue case.

The Texas Optometry Board was created under the provisions of Art. 4552, Tex. Rev.Civ.Stat. Vernon's Ann.,[1] the Texas Optometry Act. The Board is composed of six members, all of whom are required to be licensed optometrists. One of these Board members is Dr. N. Jay Rogers, a resident of Jefferson County, the sole plaintiff in this case. The other five members of the Board, the parties named as defendants in this case, are Dr. Jack Burton of Cleburne, Dr. Jacob M. Cohen of Houston, Dr. John B. Bowen of Sweetwater, Dr. Nelson F. Waldman of Houston, and Dr. Salvador S. Mora of Laredo.

In January of 1972 a majority of the Optometry Board, with the exception of Dr. Rogers, voted for and caused to be issued an interpretative ruling of the Texas Optometry Act, Art. 4552, § 5.09. The interpretative ruling related to certain advertising which allegedly referred to the price of optical service and optical ware. The Board thereafter caused letters, in the name of the Optometry Board, to be sent to all Texas optometrists advising them of the issuance of such ruling.

It was at this juncture that the instant suit was filed by Dr. Rogers in Jefferson County, the county of his residence. As indicated, none of the five defendants was a resident of such county; they were rather residents of different and diverse counties of this state.

This suit had two essential purposes: (1) to obtain a declaratory judgment that the interpretative ruling was void; and (2) to secure a temporary, and thereafter a permanent, injunction restraining the Board from enforcing its proclamation. The five defendants filed a plea of privilege to be sued in Travis County, asserting that they were members of the Texas Optometry Board and acting within the course and scope of their official duties at

---

1. All statutory references are to Tex.Rev.Civ.Stat.Ann.

all pertinent times. Dr. Rogers filed a controverting plea alleging a trespass within Subdivision 9 of Art. 1995. The trial court overruled the defendants' plea of privilege and the court of civil appeals affirmed. 492 S.W.2d 695. We reverse.

The court of civil appeals' opinion was unanimous. Our jurisdiction therefore rests on the conflict section of Art. 1728. *See* John Farrell Lumber Company v. Wood, 400 S.W.2d 307 (Tex.1966); Arts. 1728, 1821. The Board cites six cases in its Statement of Jurisdiction, five of which are not sufficiently in conflict to confer jurisdiction. Department of Pub. Safety v. Great S. W. Warehouses, 352 S.W.2d 493 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.); W. D. Haden Company v. Dodgen, 158 Tex. 74, 308 S.W.2d 838 (1958), and Herring v. Houston Nat. Exch. Bank, 113 Tex. 264, 253 S.W. 813 (1923), do not involve venue. Texas Employers Ins. Ass'n v. Kelly, 261 S.W.2d 480 (Tex.Civ.App.—Galveston 1953, no writ), and City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466 (1943), do not contain the same factual allegations as Dr. Rogers asserted in his controverting plea.

■ The case that does confer conflict jurisdiction on this court is Rainbo Baking Company of San Antonio v. Aiken, 362 S. W.2d 660 (Tex.Civ.App.—San Antonio 1962, no writ). In both *Rainbo* and the instant case the plaintiffs filed suit against State Officials, as individuals, in counties other than Travis County. The Officials in both cases filed a plea of privilege to be sued in Travis County. The residence for venue purposes of a State Official is Travis County. Gulf Coast Business Forms, Inc. v. Texas Employment Commission, 498 S.W.2d 154 (Tex.1973); Fitts v. Calvert, 374 S.W.2d 274 (Tex.Civ.App.—Fort Worth 1963, writ dism'd), and Sims v. White, 292 S.W.2d 648 (Tex.Civ.App.—Dallas 1956, no writ).

■ The conflict between *Rainbo* and the instant case rests in each court's resolution of the query: Is this suit against individuals or against the State? In *Rainbo* the court stated:

"This is an action against the State of Texas. While the petition names individuals; the undisputed evidence produced at the venue hearing showed that John White is in fact the Commissioner of Agriculture of Texas, that Aiken and Barlow are inspectors for that Department, and that their acts were done upon orders and pursuant to instructions from the Commissioner. The State is the real party against which the relief is sought. Herring v. Houston National Exchange Bank, 113 Tex. 264, 253 S.W. 813. The injunctive relief was sought 'to prevent the action of the only officers who were authorized by law to act for the state in the prosecution of its suit. * * * This was, in fact, a proceeding against the state, * * *.' Stephens v. Texas & P. Ry. Co., 100 Tex. 177, 97 S.W. 309; 81 C.J.S. States § 216." 362 S.W.2d at 660–661.

Despite allegations of illegal conduct in *Rainbo,* the court of civil appeals left the issue for resolution at the trial on the merits and held that the suit, for venue purposes, was against the State. On the other hand, in the instant case the court of civil appeals made extensive affirmative rulings of *ultra vires* conduct at the venue stage, thus finding the suit to be against individuals.

■ This court not only cites *Rainbo* for purposes of jurisdiction but also adopts the bifurcated approach used therein. A suit against State Officials acting under the guise of State authority is, for purposes of venue, a suit against the State. Whether these acts are *ultra vires* is an issue better resolved at the trial on the merits. Texas courts have consistently followed a policy of resolving no more at the venue stage than necessary. "The sole issue in the plea of privilege hearing is that of venue; not liability or the merits of the case." Dealers National Insurance Company v. Rose, 396 S.W.2d 535 (Tex.Civ.App.

—Waco 1965, no writ). *See also* General Motors Acceptance Corporation v. Howard, 487 S.W.2d 708 (Tex.1972); Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936), and Farmers Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675 (1935).

 As in *Rainbo*, the plaintiff in the instant suit seeks to enjoin alleged illegal conduct. The provisions of Art. 4656, placing the venue in an injunction suit in the county of defendant's residence, are mandatory. Sims v. White, *supra*. Accordingly, the trial court below should have sustained the plaintiff's plea of privilege and transferred the case to Travis County.

Judgment of the court of civil appeals is reversed, and the cause is remanded to the district court with instructions to sustain the plea of privilege and to transfer the cause to Travis County.

REAVLEY, J., dissents in which GREENHILL, C. J., and WALKER, J., join.

DANIEL, J., not sitting.

REAVLEY, Justice (dissenting).

Under precedent the Supreme Court has no jurisdiction of this case by reason of Subdivision 2 of Art. 1728, V.A.T.S.

First, we have the rule that places venue in Travis County if it is essentially a suit against the State. The holding in Rainbo Baking Co. of San Antonio v. Aiken, 362 S.W.2d 660 (Tex.Civ.App.1962, no writ) was that the suit was against the State; that court did not take a bifurcated approach and leave the question to a trial on the merits. The opinion clearly states:

This is a venue suit. *The first question presented is whether this is essentially a suit against the State or merely against named individuals.* The other question is whether Travis County or Bexar County is the proper venue. . . .

. . . The primary and ultimate purpose of the suit is to enjoin those persons from interfering with the sale or distribution of "Old Fashion" bread, or from taking any action against Rainbo's customers who purchase the bread, or from taking possession of the bread produced by Rainbo. From an exhibit in evidence, it appears that these persons, acting under the provisions of Article 1037, Vernon's Ann. Penal Code, have taken steps to force this product off the market. Rainbo also seeks a declaratory judgment concerning the legality of the defendants' conduct.

*This is an action against the State of Texas.* While the petition names individuals; the undisputed evidence produced at the venue hearing showed that John White is in fact the Commissioner of Agriculture of Texas, that Aiken and Barlow are inspectors for that Department, and that their acts were done upon orders and pursuant to instructions from the Commissioner. *The State is the real party against which the relief is sought.* . . . The injunctive relief was sought "to prevent the action of the only officers who were authorized by law to act for the state in the prosecution of its suit. . . . *This was, in fact, a proceeding against the state,* . . . ." 362 S.W.2d 660. (Emphasis supplied)

The Court of Civil Appeals in the present case determined on the basis of the pleadings and evidence that the acts of the defendants exceeded legal powers and did not constitute the exercise of state authority. The difference between the present case and *Rainbo* is not a decision as to the guiding rule of law but a difference in the evidence and findings. In the past a dissimilarity of the facts would not constitute a conflict to confer jurisdiction. Dockum v. Mercury Ins. Co., 134 Tex. 437, 135 S.W.2d 700 (1940).

Secondly, Art. 4656, V.A.T.S., places venue of injunction suits in the county in which the party has his domicile; but under the decisions this rule does not apply if

the injunction is an ancillary feature of the relief sought. Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283 (1959); Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417 (1959); Brown v. Gulf Television Co., 157 Tex. 607, 306 S.W.2d 706 (1957). The Court of Civil Appeals has held that "the primary, ultimate, and dominant purpose of plaintiff's suit was to obtain a declaratory judgment" and that the injunctive relief sought was purely ancillary to the declaratory judgment action. Unless that holding is unsound, the only conflict to be found is between this Court's ruling today and its prior rulings.

Finally, the Court of Civil Appeals has held that the defendants committed in Jefferson County a trespass within the meaning of Subdivision 9 of Art. 1995, V.A.T.S. While that determination is highly questionable, no one suggests that it conflicts with the decision of another court.

Lacking jurisdiction, this Court should set aside its order granting the application for writ of error and dismiss the application.

GREENHILL, C. J., and WALKER, J., join in this dissent.