Bill MORGAN et al., d/b/a Cari Anne Co., Appellants,

v.

Lucille WILLIAMS, d/b/a The Doll House, Appellee.

No. 6235.

Court of Civil Appeals of Texas, Waco.

July 24, 1980.

Rehearing Denied Aug. 21, 1980.

James A. Rupard, Garland, for appellants.

Barbara Moe, Dawson, Dawson, Sodd & Davis, Corsicana, for appellee.

OPINION

JAMES, Justice.

This is an appeal from a temporary injunction. We affirm. Plaintiff-Appellee Lucille Williams d/b/a The Doll House, brought this suit against Defendant-Appellants Bill Morgan and George Morgan d/b/a Cari Anne Co. for a temporary restraining order, temporary injunction, and permanent injunction to enjoin Defendant-Appellants from distributing certain brochures bearing photographs of ragdolls, said photographs having been copied from photographs made by Plaintiff-Appellee, and to enjoin Defendant-Appellants from selling ragdolls which are exact copies or replicas of ragdolls manufactured by Plaintiff-Appellee at Corsicana, Texas.

Plaintiff-Appellee Williams is a resident of Navarro County, Texas. She brought this suit on March 25, 1980, in the District Court of Navarro County against the Defendant-Appellants Morgan, both of whom are residents of Dallas County. The trial court issued a temporary restraining order restraining the Morgans from "selling the replica ragdolls and from distributing the brochure with the Plaintiff's photographs of ragdolls thereon," pending a hearing thereon for a temporary injunction to be held on April 1, 1980 at 9 o'clock A. M.

On the morning of the hearing on the temporary injunction, Defendants Morgan filed a plea of privilege requesting that the cause be transferred to Dallas County, and in addition thereto Defendants made an oral motion asserting that the District Court of Navarro County had no jurisdiction to issue a temporary injunction.

The trial court conducted a hearing concerning the temporary injunction in which evidence was presented, at the conclusion of which said court entered the temporary injunction wherein the Defendants were enjoined "from distributing the Cari Anne Company brochures bearing the photograph(s) of Plaintiff's dolls and from selling the replica Gingham and Clown dolls until further order of this Court." From this temporary injunction the Defendants appeal upon six points of error which may be summarized as follows:

(1) The District Court of Navarro County had no jurisdiction to issue said temporary injunction, because same is in violation of Article 4656, Vernon's Texas Civil Statutes;

(2) That Plaintiff "neither pleaded nor proved a sound basis in law for issuance of an order granting a temporary injunction";

(3) The order "prohibited activities which are a proper and lawful exercise of Defendants' rights";

(4) The order "did not state sufficient reasons for ordering a temporary injunction";

(5) The order "failed to inform Defendants as definitely, clearly, and precisely as possible as to what they (Defendants) were enjoined from doing"; and

(6) The trial court "did not afford Defendants an opportunity to present evidence and arguments to support their position that Plaintiff was not entitled to injunctive relief."

We have carefully considered all of Appellants' points and contentions and overrule same and thereby affirm the trial court's order.

As stated, on April 1, 1980, Defendant-Appellants filed their plea of privilege requesting that the cause be transferred to Dallas County, the county of their residence. The record before us is silent concerning what disposition if any was made by the trial court concerning said plea of privilege. The matter of the disposition vel non of the plea of privilege is not before us, since the instant appeal is made only from the temporary injunction; therefore, we express no opinion herein regarding said plea of privilege.

We revert to Appellants' first point, to wit, that the trial court had no jurisdiction to grant the temporary injunction, because same is asserted to violate Article 4656, V.T.C.S.

Article 4656 in its pertinent parts provides:

"_____ writs of injunction _____ if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district _____ court of the county in which such party has his domicile. _____."

As stated, Appellants made an oral motion asserting that the trial court, the District Court of Navarro County, had no jurisdiction to enter the temporary injunction. In other words, Appellants contend that since Article 4656 provides that writs of injunction shall be returnable to and tried in the county of the defendant's residence, that the trial court herein violated said statute and thereby said temporary injunction is utterly void. We do not agree.

Our Supreme Court has held that in the matter of a temporary injunction similar in nature to the one in the case at bar, wherein the trial court made the writ returnable to his own Court rather than to a proper court of the county of the defendant's residence, that such temporary injunction is not void; moreover, that the portion of Article 4656 hereinabove quoted (and which applies to our instant case) concerns *venue* rather than jurisdiction. *Ex Parte Coffee* (1959) 160 Tex. 224, 328 S.W.2d 283.

Since *Ex Parte Coffee*, the following cases involving the application of Article 4656 concerning the trial and returnability of writs of temporary injunction have been disposed of by way of plea of privilege hearings, to wit: *Burton v. Rogers* (Tex. 1973) 504 S.W.2d 404; *Rainbo Baking Co. v. Aiken* (San Antonio Tex.Civ.App.1962) 362 S.W.2d 660, no writ; *McCullough v. Fidelity Union Life Ins. Co.* (Waco Tex.Civ.App. 1971) 470 S.W.2d 209, NRE; *Herman J. Smith General Contractors, Inc. v. Riverside Mall, Inc.* (Waco Tex.Civ.App.1974) 513 S.W.2d 951, no writ; *Fidelity Union Life Ins. Co. v. Evans* (Dallas Tex.Civ.App.1971) 468 S.W.2d 869, affirmed (Tex.) 477 S.W.2d 535.

We are of the opinion and hold that *Ex Parte Coffee*, supra, governs the case at bar, and that the temporary injunction in question is not void for want of jurisdiction. This being so, Appellants' oral motion challenging the jurisdiction of the trial court could not properly raise the venue problem.

We have carefully considered all the remaining points and contentions asserted by Appellants, and hereby overrule same as being without merit.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.