## In re CONTINENTAL AIRLINES, INC. and Continental Express, Inc., Relators.

### In re Legend Airlines, Inc., Relator.

### In re City Of Dallas, Relator.

### Nos. 98–0598, 98–0599 and 98–0818.

Supreme Court of Texas.

Argued Sept. 9, 1998.

Decided Sept. 24, 1998.

§ 22.225(d).

E. Lawrence Vincent, Terrell W. Oxford, Dallas, Randall W. Wilson, Thomas W. Pa-terson, Houston, H. Dustin Fillmore, Fort Worth, for Relator in No. 98-0598.

Bill F. Bogle, Russell R. Barton, Fort Worth, Michael V. Powell, Elizabeth Lang-Miers, Morris Harrell, Cynthia Keely Timms, Francis R. Majorie, Marilyn K. Lahr, James E. Coleman, Elizabeth D. Whitaker, James A. Cox, Sam A. Lindsay, Dallas, Linda Lawson Gaither, Amy K. Hunt, Lyndon F. Bittle, Dallas, Dee J. Kelly, Marshall M. Searcy, Brian Scott Stagner, E. Glen Johnson, David E. Keltner, R.H. Wallace, Jr., John Y. Bonds, III, Anne Gardner, Fort Worth, Jonathan G. Kerr, Fort Worth, Paul C. Watler, Joseph C. Edwards, Dallas, Mark S. Dugan, Fort Worth, for Respondents in No. 98-0598.

Paul C. Watler, Joseph C. Edwards, Robert B. Gilbreath, Craig Naveen Kakarla, Francis R. Majorie, Marilyn K. Lahr, Dallas, for Relator in No. 98-0599.

Bill F. Bogle, Russell R. Barton, Fort Worth, Morris Harrell, Michael V. Powell, Cynthia Keely Timms, Elizabeth Lang-Miers, Dallas, Dee J. Kelly, Marshall M. Searcy, Jr., Brian Scott Stagner, David E. Keltner, Fort Worth, for Respondents in No. 98-0599.

Sam A. Lindsay, Linda Lawson Gaither, James E. Coleman, Elizabeth D. Whitaker, Lyndon F. Bittle, Amy K. Hunt, Dallas, for Relator in No. 98-0818.

Wade Adkins, Dee J. Kelly, Marshall M. Searcy, Jr., Brian Scott Stagner, Fort Worth, for Respondents in No. 98-0818.

GONZALEZ, Justice, delivered the opinion of the Court.

In these original mandamus proceedings we decide whether venue for the underlying lawsuits is mandatory in the counties where the relators are domiciled. The City of Fort Worth filed suit in Tarrant County district court for a judgment declaring rights under compacts and agreements with the City of Dallas concerning Dallas–Fort Worth International Airport and the use of Love Field Airport. It later sought temporary injunctive relief against airlines using Love Field. Each of the relators moved to transfer venue, arguing that Fort Worth's causes of action,

properly considered, are injunction suits that must be brought in a defendant's domicile county. The trial court denied the motions. We conclude that the trial court did not abuse its discretion, and deny mandamus relief.

## I

In 1968, the cities of Fort Worth and Dallas executed a concurrent bond ordinance and a contract to establish a regional airport, Dallas–Fort Worth International Airport. Their agreements limited subsequent interstate flights out of local airports such as Love Field Airport in Dallas. According to the City of Fort Worth, the cities agreed in the late 1970s to allow "turn around flights" to states adjacent to Texas from Love Field. At about the same time, the Wright Amendment was passed incorporating many of the same terms into federal law. *See* Act of Feb. 15, 1980, Pub.L. No. 96–192, § 29(c), 94 Stat. 28 (1980) (amended 1997). However, Congress enacted the Shelby Amendment in 1997, which eased some of the restrictions of the Wright Act. *See* Act of Oct. 27, 1997, Pub.L. No. 105–66, § 337, 111 Stat. 1447 (1997).

In October 1997, the City of Fort Worth filed suit in Tarrant County against the City of Dallas, the DFW Airport Board, Legend Airlines, and others for a declaratory judgment to settle the parties' rights concerning the usage of Love Field airport under the various contracts and compacts, as affected by the federal statutes. The City of Dallas and Legend responded and moved to transfer venue to Dallas County. American Airlines intervened seeking the same declaratory relief as Fort Worth.

On May 19, 1998, Continental Airlines announced that it intended to commence scheduled passenger flights on July 1, 1998 from Love Field to Cleveland, Ohio. On the same day as its announcement, Continental filed a declaratory judgment action against Dallas and Fort Worth in federal court, asking that court to declare it had a right under federal law to commence flying to Cleveland.

Fort Worth and American amended their state court petitions to include a prayer for a judgment declaring that flights from Love Field to Cleveland would violate the 1968 contracts. The DFW Board also filed a cross claim against Continental for a declaratory judgment. Continental answered and sought a change of venue to Harris County. On June 19, 1998, Fort Worth and the DFW Board requested a temporary restraining order and temporary injunction to keep Continental from commencing service. After hearing, the district court denied the motions to transfer venue. At a later date, the district court also granted the requested temporary injunctive relief.

Dallas, Legend, and Continental all petitioned the court of appeals for writ of mandamus. It denied all relief, and issued an opinion in connection with Dallas' petition.

## II

■ Relators have invoked our original mandamus jurisdiction to enforce mandatory venue in Section 15.0642 of the Texas Civil Practice and Remedies Code. This case is our first writing on the statute. The parties assume that the standard for reviewing mandatory venue under Section 15.0642 is whether the trial court abused its discretion. We agree, and so hold. The Legislature chose mandamus advisedly, as it has demonstrated a cognizance of appellate standards in multiple sections dealing with appellate court review of venue decisions. *See, e.g.,* TEX. CIV. PRAC. & REM.CODE § 15.002(c) (stating that transfer for convenience is not grounds for appeal or mandamus); TEX. CIV. PRAC. & REM.CODE § 15.003(c)(1) (stating that intervention or joinder may be subject to interlocutory appeal, to be decided from the record and not under either an abuse-of-discretion or substantial-evidence standard); TEX. CIV. PRAC. & REM.CODE § 15.064(b) (stating that improper venue is never harmless error on appeal). If the Legislature intended courts to apply anything other than the abuse-of-discretion standard it would have said so.

## III

■ Actions for declaratory judgments are governed by general venue rules for civil actions. *Bonham State Bank v. Beadle,* 907

S.W.2d 465 (Tex.1995). Fort Worth alleged venue under the general venue statute and the contract venue statute. TEX. CIV. PRAC. & REM.CODE § 15.002(a)(1) (the county in which all or a substantial part of the events giving rise to the claim occurred); § 15.035(a) (the county of contractual performance). However, injunction suits against a resident "shall be tried in a district or county court in the county in which the party is domiciled." TEX. CIV. PRAC. & REM.CODE § 65.023(a). The statute placing venue for injunction suits in the county of the defendant's domicile is mandatory. *Burton v. Rogers,* 504 S.W.2d 404, 407 (Tex.1973).

▇ The parties agree that the injunction venue statute applies only to suits in which the relief sought is purely or primarily injunctive. *See Ex parte Coffee,* 160 Tex. 224, 328 S.W.2d 283, 287 (1959). Fort Worth contends that the temporary injunctive relief it has sought thus far, and may seek in the future, is ancillary to its prayer for declaratory relief. The Relators contend that Fort Worth's pleading for a declaratory judgment thinly veils the injunctive nature of the suit. They first argue that when Fort Worth's petition alleges "irreparable harm" and the threat to the "status quo" the City tips its hand and reveals that it truly seeks injunctive relief. However, throughout the pleading the only requests for court action ask the trial court to declare the parties' rights under the contract.

The relators argue that courts in a number of venue cases have looked past pleas for a declaratory judgment and found the dominant purpose of the suit to be an injunction. *See, e.g., Burton,* 504 S.W.2d at 407; *Billings v. Concordia Heritage Ass'n,* 960 S.W.2d 688, 693 (Tex.App.—El Paso 1997, writ denied); *KJ Eastwood Invs., Inc. v. Enlow,* 923 S.W.2d 255, 257–58 (Tex.App.—Fort Worth 1996, orig. proceeding); *Michalski v. Mutual Building & Loan Ass'n,* 449 S.W.2d 834, 836 (Tex.Civ.App.—Fort Worth 1970, no writ); *Guion v. Gibson,* 439 S.W.2d 715, 715, 717 (Tex.Civ.App.—Houston [14 th Dist.] 1969, no writ). However, these cases do not inform our decision. A critical distinction is that in all of these cases, the petition prayed for an injunction. The plaintiff in *Burton,* a

member of the Texas Optometry Board, sought a judgment declaring the board's interpretive ruling void, and temporary and permanent injunctions to restrain enforcement of the ruling. *Burton,* 504 S.W.2d at 405. In *Billings,* a cemetery caretaker association pleaded for a declaratory judgment and permanent injunction to keep the descendants of John Wesley Hardin from disinterring his remains and removing them from El Paso County. The court concluded from the pleadings and trial record that the declaratory judgment action was not justiciable, leaving only the injunction action. *Billings,* 960 S.W.2d at 693. In *KJ Eastwood Investments,* the plaintiff sued to enjoin a foreclosure but did not articulate any claims relating to the property being foreclosed upon suitable for declaratory relief. *KJ Eastwood,* 923 S.W.2d at 257–58. Likewise, in *Michalski* the prayer for a declaratory judgment was to construe a provision in a deed of trust concerning foreclosure which the petitioner sought to enjoin. *Michalski,* 449 S.W.2d at 834. Finally, in *Guion,* attorneys sought to permanently enjoin former clients from asserting rights to properties the attorneys acquired through a contingency contract. *Guion,* 439 S.W.2d at 717.

Continental Airlines, Continental Express, and Legend argue that even if there is a valid declaratory judgment action against other parties, the lawsuit as to them must, as a matter of law, be characterized as injunctive. They assert that because Fort Worth has no contract or other written instrument with the airlines to construe under the Declaratory Judgment Act, the only relief that can be granted against the airlines is injunctive. However, the Declaratory Judgment Act provides that "all persons who have or claim any interest that would be affected by the declaration must be made parties." TEX. CIV. PRAC. & REM.CODE § 37.006(a).

▇ Finally, the relators contend that the City of Fort Worth will be able to obtain a judgment, then use injunctive remedies to enforce the judgment. However, that can be said of any case. The mere possibility that a defendant will disobey the final judgment of a court, causing it to resort to enforce its judgment through injunction, does not trans-

form the suit into an injunction suit under section § 65.023(a).

The venue statutes give plaintiffs some degree of choice over where to file their suit. *See Wilson v. Texas Parks & Wildlife Dept.,* 886 S.W.2d 259, 260 (Tex.1994) (holding that a "plaintiff is given the first choice in the filing of the lawsuit."). Our Court has recognized that the legislative plan allows a plaintiff to control venue to a certain extent by deciding what relief to seek:

> The existence of a certain set of facts may entitle a litigant to a choice between legal and equitable remedies and it may seem that no venue distinction between remedies should logically be drawn if convenience of trial for litigants and witnesses be the true basis of the venue exception, but the Legislature has expressly provided a special venue of injunction suits and in cases where the plaintiff alleges that he has no adequate remedy at law and hence is entitled to and requests injunctive relief, it would seem that he chooses the equitable remedy as and for his primary relief.

*Brown v. Gulf Television Co.,* 306 S.W.2d 706, 709 (Tex.1957) (emphasis added). As Fort Worth asserts, its pleadings do not ask for and would not support a permanent injunction. Conversely, the pleadings state a justiciable controversy that may be fully resolved by declaratory judgment. We cannot reform Fort Worth's requests for relief to reflect the relators' suspicions. The relators' motions fail to make out a case of mandatory venue, and the district court did not abuse its discretion by denying the motions.

\* \* \*

We conclude that the trial court did not abuse its discretion by refusing to transfer venue. Because of our disposition, we do not consider whether Section 15.0642 requires the Relators to establish any other of the usual prerequisites for mandamus review. Accordingly, we decline to issue writs of mandamus.