NO. 07-11-00497-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2012

_____

IN RE R. WAYNE JOHNSON, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator R. Wayne Johnson, an indigent prison inmate proceeding *pro se,* seeks a writ of mandamus compelling respondent, the Honorable Stuart Messer, judge of the 100th District Court of Collingsworth County, to vacate an order transferring venue of a suit relator filed there against real party in interest April Riggs. According to relator's petition, venue of his case is mandatory in Potter County, the county of his confinement.[1] The only document relator includes in the mandamus record is an order

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.019(a) (West 2002) (with exceptions, requiring actions accruing while the plaintiff is housed in a Texas Department of Criminal Justice facility to be brought in the county in which the facility is located). The limited record before us provides no explanation for relator's selection of Collingsworth County as the venue for his suit against Riggs in the face of his familiarity with the terms of § 15.019(a). *See, e.g., In re Johnson*, No. 12-07-0032-CV, 2007 Tex. App. Lexis 673 (Tex.App.--Tyler, January 31, 2007) (orig. proceeding) (addressing similar contention by relator).

signed September 22, 2011, transferring venue to Randall County. We will deny relator's petition.

"A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of [Chapter 15]." Tex. Civ. Prac. & Rem. Code Ann § 15.0642 (West 2002); *see In re Mo. Pac. R.R. Co.,* 998 S.W.2d 212, 215-16 (Tex. 1999) (orig. proceeding) ("We reiterated in early 1995 that 'Texas law is quite clear that venue determinations are not reviewable by mandamus.' But a few months later, the Legislature enacted section 15.0642 authorizing parties to seek mandamus 'to enforce the mandatory venue provisions,' along with a timetable for seeking mandamus") (quoting *Polaris Inv. Mgmt. Corp. v. Abascal,* 892 S.W.2d 860, 862 (Tex. 1995) (per curiam) and § 15.0642).

Entitlement to relief by mandamus on a mandatory venue claim requires the relator to demonstrate from the mandamus record that the trial court clearly abused its discretion. *In re Continental Airlines, Inc.,* 988 S.W.2d 733, 735 (Tex. 1998) (orig. proceeding). "[A]dequacy of an appellate remedy is not a requisite of a mandatory venue mandamus under section 15.0642." *In re Missouri Pac. R.R. Co.,* 998 S.W.2d at 215-16. A relator bears the burden of presenting a mandamus record showing entitlement to relief. *Walker v. Packer,* 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding).

Relator's mandamus petition contains no description of the subject-matter or allegations of his suit against Riggs. Nor does the appended one-page order transferring venue to Randall County tell us anything about the suit. Relator's petition

2

thus does not demonstrate even that the mandatory venue of § 15.019(a) applies to his suit filed in Collingsworth County. *See* § 15.019(c) (excepting cases under the Family Code). For that reason alone, the petition does not demonstrate an abuse of discretion by the trial court, and so does not demonstrate entitlement to mandamus relief.

Relator's petition contends the September 22 order is void because mandatory venue lies in Potter County. We disagree. Assuming, *arguendo*, the venue transfer to Randall County was erroneous, a finding we do not make, the transfer order was not void. "[T]he mere fact that an action by a court . . . is contrary to a statute, constitutional provision or rule of civil or appellate procedure makes it [not void but] voidable or erroneous." *In re Masonite Corp.,* 997 S.W.2d 194, 198 (Tex. 1999) (quoting *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex. 1990) (internal quotation marks omitted) (venue transfer orders constituted clear abuse of discretion but were not void). Thus on this ground also, relator fails to demonstrate an abuse of discretion.

For these reasons, we find relator's petition does not show he is entitled to mandamus relief, and so deny the petition.

Per Curiam

3