OPINION HEADING PER CUR 









                NO. 12-06-00232-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN
RE: DARRYL DANIEL, §          ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            In this original mandamus proceeding, Darryl Daniel
challenges the trial court’s order denying his motion to transfer venue.[1]  The issue presented is whether the trial
court abused its discretion in denying Daniel’s motion to transfer venue to
Nacogdoches County under the mandatory venue provision of Section 65.023(a) of
the Texas Civil Practice & Remedies Code. 
Specifically, we have been asked to decide whether the primary relief
sought in the underlying suit filed by General Shelters of Texas, S.B., Ltd. (“General
Shelters”)  is the issuance of a permanent
injunction, which would require that the suit be tried in Nacogdoches County,
or the rendition of a declaratory judgment, which would allow the suit to be
tried in neighboring Shelby County.  We
hold that the primary relief sought by General Shelters is injunctive, not
declaratory, and that venue in Nacogdoches County is mandatory.  Therefore, we conditionally grant the writ.

Background








            Darryl Daniel was employed by General Shelters from
September 2000 until July 30, 2004. 
General Shelters manufactures evaporative cooling pad media (“pads”).  Prior to being hired by General Shelters,
Daniel executed both a noncompete agreement and a nondisclosure agreement.  General Shelters alleges that these two
agreements provide that Daniel had an ongoing contractual duty for up to two
years following his employment with General Shelters not to compete with it or
provide the company’s proprietary information to others.  

            General Shelters alleges in its Second Amended Original
Petition that Daniel has breached these two agreements by providing proprietary
information to third parties and attempting to start his own business, which
manufactures pads similar to those manufactured by General Shelters.  In its prayer for relief, General Shelters
states that it is seeking a declaratory judgment to declare the rights, duties,
and legal relations of General Shelters and Daniel.  In addition to other relief, General Shelters
seeks both a temporary and a permanent injunction against Daniel requiring him
to abide by the provisions of the noncompete agreement and the nondisclosure
agreement.  

            At the time he filed his original answer, Daniel also
filed a motion to transfer venue asking that the case be transferred to the
county of his residence, Nacogdoches County. 
He based his motion upon the venue statute which provides that “a writ
of injunction against a party who is a resident of this state shall be tried in
a district or county court in the county in which the party is domiciled.”  Tex.
Civ. Prac. & Rem. Code Ann. § 65.023(a) (Vernon 1997).  General Shelters stated in its response to
Daniel’s motion to transfer venue that its “primary objective” was “a declaration
from the court on various issues raised by Daniel’s employment with General
Shelters, his behavior while still employed with General Shelters and his
activities after leaving General Shelters.” 
Later in its response, General Shelters stated that “issuance of a
permanent injunction would be merely ancillary to a judgment awarding
declaratory relief.”  

            Following a hearing on Daniel’s motion to transfer venue,
the trial court entered an order denying the motion.  This original proceeding followed.  On Daniel’s motion, we stayed the proceedings
in the trial court until our disposition of this proceeding.

 

Availability of Mandamus

            A writ of mandamus will issue only if the trial court has
committed a clear abuse of discretion and the relators have no adequate remedy
by appeal.  In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005).  The trial court abuses its discretion if “it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law” or if it clearly fails to correctly analyze or apply
the law.  Id. (quoting Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)).  The question of proper venue is raised by a
party by simply objecting to a plaintiff’s venue choice through a motion to
transfer venue.  Billings v.
Concordia Heritage Ass’n, 960 S.W.2d 688, 692 (Tex. App.–El Paso 1997,
pet. denied).  If the plaintiff’s chosen
venue rests on a permissive venue statute and the defendant files a meritorious
motion to transfer venue based upon a mandatory venue provision, the trial
court must grant the motion. In re City of Dallas, 977 S.W.2d
798, 803 (Tex. App.–Fort Worth 1998, orig. proceeding).  An erroneous denial of such a motion is
reviewable by mandamus.  Id.  In determining whether a lawsuit constitutes
a suit for permanent injunction for the purpose of determining proper venue, we
look only to the express relief sought in the allegations and prayer of the
plaintiff’s petition.  Id.  

 

Primary Relief Sought

            A declaratory judgment simply declares the rights,
status, or other legal relations of the parties without ordering anything to be
done.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a)(b)
(Vernon 1997)).  On the other hand, the
function of injunctive relief is to restrain motion and to enforce
inaction.  Qwest Communications
Corp. v. A T & T Corp., 24 S.W.3d 334, 336 (Tex. 2000).  

            Daniel contends that when an action for declaratory
judgment is combined with injunctive relief, the injunctive relief is
primary.  As authority for this
contention, he cites In re Continental Airlines, Inc., 988 S.W.2d
733  (Tex. 1998).  In that case, the City of Fort Worth filed
suit for a declaratory judgment to have a Tarrant County district court declare
its rights under agreements with the City of Dallas as to three airlines
attempting to fly out of Love Field in Dallas. 
Id. at 735.  After
their motions to transfer venue to Dallas County were denied, the three
airlines filed a petition for writ of mandamus asserting that venue was
mandatory in Dallas County because the ultimate relief that the City of Fort
Worth was seeking was injunctive.  Id.
at 736.  In its pleadings, the City of
Fort Worth sought only a declaratory judgment and never sought any relief
suggesting an injunction.  Id.  However, the airlines contended that the City
of Fort Worth would be able to obtain a declaratory judgment and then use
injunctive remedies to enforce it.  Id.  Our supreme court determined that venue was
proper in Tarrant County because “[t]he mere possibility that a defendant will
disobey the final judgment of a court, causing [a plaintiff] to resort to
enforce its judgment through injunction, does not transform the suit into an
injunction suit under § 65.023(a).”  Id.
at 736-37.  In reaching this conclusion,
the court noted that “[t]he pleadings state a justiciable controversy that may
be fully resolved by a declaratory judgment.” 
Id. at 737.  

            In its prayer, General Shelters specifically seeks
injunctive relief in addition to relief under the Texas Uniform Declaratory
Judgments Act.  See Tex. Civ. Prac. & Rem. Code Ann. § 37.001–37.011
(Vernon 1997 & Supp. 2005).  If the
petition includes both a plea for declaratory judgment and an injunction, the
primary purpose of the suit is an injunction. 
See In re Continental Airlines, 988 S.W.2d at 736.  Because General Shelters seeks both types of
relief, this case cannot be fully resolved under the Declaratory Judgments Act.









            We are familiar with Karagounis v. Bexar County
Hospital District, 70 S.W.3d 145 (Tex. App.– San Antonio 2001, pet.
denied).  In that case, the plaintiff
sued to enforce a contract seeking, among other remedies, to enjoin the
defendants to allow him to complete a fifth year of residency training.  Id. at 146.  The court noted that the effect of granting
the injunctive relief would be to compel the carrying out of the contract.  Id.   Accordingly, the court held that because the
true nature of the relief being sought was specific performance of a contract,
Section 65.023 did not apply.  Id.
at 147.  In Karagounis, the
relief the plaintiff sought was, in effect, a positive decree of specific
performance.  However, performance of a
contract may also be specifically enforced by an injunction restraining acts in
violation of the contract, which is, in effect, a negative decree of specific
performance.  67 Tex. Jur. 3d Specific Performance § 2
(2003).  In the case before us, General
Shelters’s Second Amended Original Petition can be construed as an attempt to
have Daniel specifically perform the nondisclosure and noncompete
agreements.  Attempting to restrain
Daniel from violating the agreements requires an injunction, which is a
negative form of specific performance. 
Therefore, injunction was the primary relief sought by General Shelters,
and Daniel made the showing required to invoke Section 65.023(a).

Conclusion








            Based upon our review of the record and the foregoing
analysis, we conclude that the trial court should have transferred venue to
Nacogdoches County under Section 65.023. 
Appeal is an inadequate remedy for an erroneous venue order.  Accordingly, we conditionally grant mandamus
relief.  We trust that the trial court
will promptly vacate its order of June 14, 2006 denying Daniel’s motion to
transfer venue and enter an order transferring venue to Nacogdoches
County.  The writ will issue only if the
trial court fails to comply with this court’s opinion and order within ten
days.  The trial court shall furnish this
Court, within the time for compliance with this Court’s opinion and order, a
certified copy of its order evidencing such compliance.  Our stay of July 5, 2006 is lifted. 

            Writ conditionally granted.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion
delivered August 16, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

                

(PUBLISH)











[1] The real party in interest
is General Shelters of Texas, S.B., Ltd. 
The respondent is the Honorable Guy Griffin, Judge of the 123rd Judicial
District Court, Shelby County, Texas.