**DENY; and Opinion Filed February 7, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01458-CV

## IN RE AMERI-FAB, LLC, BRAZOS ROCK, INC., CURTIS CHESTER, SHELLEY CHESTER, CHAD CHESTER, AND ZACK CHESTER, Relators

### Original Proceeding from the 68th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-17-05325

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Schenck
Opinion by Justice Fillmore

In this original proceeding, relators complain of the trial court's denial of their motion to transfer venue and the denial of relator Brazos Rock, Inc.'s (Brazos) plea to the jurisdiction. We deny the petition for writ of mandamus.

## Background

Real party in interest Enterprise Fleet Management (Enterprise) leases fleets of vehicles in Dallas County. Brazos entered a Master Equity Lease Agreement with Enterprise in 2014. Enterprise sued Brazos in Dallas County when Brazos failed to comply with the lease agreement. Enterprise obtained a judgment against Brazos in the Dallas County suit on January 9, 2017. Brazos did not pay the judgment. Enterprise avers that Brazos is owned and operated by relators Shelley Chester, Curtis Chester, Zack Chester, and Chad Chester. Enterprise maintains that Chad, Curtis, and Shelley hold officer positions and have a membership interest in Brazos, and that

Shelley, Curtis, and Zack hold officer positions and have a membership interest in relator Ameri-Fab, LLC. Relators are domiciled in Parker County.

Through post-judgment discovery, Enterprise became concerned that Brazos was fraudulently transferring assets to the Chesters and Ameri-Fab to avoid paying the judgment and had begun transferring these assets in 2014. Enterprise sued relators in Dallas County and asserted claims of fraudulent transfer, conspiracy, aiding and abetting, and concert of action. Enterprise seeks damages in the amount of the 2017 Dallas County judgment or for the value of the assets fraudulently transferred from Brazos to the other relators in violation of the Texas Uniform Fraudulent Transfers Acts (TUFTA).[1] Enterprise also seeks exemplary damages and attorney's fees. In its original petition, Enterprise also stated that it sought an "injunction against further disposition of Brazos assets" and "appointment of a receiver for Ameri-Fab to take charge of the fraudulent [sic] transferred property" as part of the relief sought under section 24.008 of TUFTA. The references to an injunction and a receiver were removed from the first amended petition, which was filed after the trial court denied relators' motion to transfer venue.

In this original proceeding, relators complain of orders denying their motions to transfer venue and denying Brazos's plea to the jurisdiction. Relators argue that mandatory venue is in Parker County pursuant to sections 65.023 and 64.071 of the Texas Civil Practice and Remedies Code because they are domiciled in Parker County and Enterprise sought injunctive relief against them and appointment of a receiver over the transferred assets. Relators argue the trial court lacked subject matter jurisdiction over Enterprise's claims against Brazos because the Parker County court appointed a receiver to control the assets of Brazos and, thus, has exclusive jurisdiction over those assets.

---

[1] TEX. BUS. & COM. CODE ANN. § 24.001–.013, *et seq.* (West 2015 and Supp. 2017).

**Standard of Review**

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The trial court abuses its discretion if " 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 839, 840 (Tex. 1992) (orig. proceeding)).

**Motion to Transfer Venue**

The question of proper venue is raised through a motion to transfer venue. *Spin Doctor Golf, Inc. v. Paymentech, L.P.*, 296 S.W.3d 354, 357 (Tex. App.—Dallas 2009, pet. denied) (citing TEX. R. CIV. P. 86). If the plaintiff's chosen venue rests on a permissive venue statute and the defendant files a meritorious motion to transfer venue based upon a mandatory venue provision, the trial court must grant the motion. *In re City of Dallas*, 977 S.W.2d 798, 803 (Tex. App.—Fort Worth 1998, orig. proceeding). An erroneous denial of such a motion is reviewable by mandamus. *Id.*

Section 65.023 provides that writs of injunction against a Texas resident "shall be tried in a district or county court in the county in which the party is domiciled." TEX. CIV. PRAC. & REM. CODE ANN. § 65.023(a) (West 2008). Section 65.023 is a mandatory venue statute that applies to suits "in which the relief sought is purely or primarily injunctive." *In re Cont'l Airlines*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding). Section 65.023 does not apply, however, when the injunctive relief is ancillary to the other relief sought. *In re FPWP GP LLC*, No. 05-16-01145-CV, 2017 WL 461355, at *2–3 (Tex. App.—Dallas Jan. 25, 2017, orig. proceeding) (mem. op.).

When the injunctive relief is sought simply to maintain the status quo pending resolution of the lawsuit, then the injunctive relief is ancillary to the relief sought and section 65.023 does not apply. *Id.* (citing cases). When the party does not plead for a permanent injunction, the injunctive relief is ancillary to the other relief sought. *See, e.g., In re Cont'l Airlines*, 988 S.W.2d at 736–37 (section 65.023 inapplicable and injunctive relief ancillary to prayer for declaratory relief where the plaintiff did not pray for permanent injunctive relief, the pleadings would not support a permanent injunction, the controversy could be fully resolved by declaratory judgment, and "throughout the pleading the only requests for court action ask the trial court to declare the parties' rights under the contract"). Similarly, section 65.023 does not apply when the petition and prayer do not ask the court to order the defendant "to do or not to do anything" and when the injunction is sought to enforce rights established in a declaratory judgment action. *In re FPWP GP LLC*, 2017 WL 461355, at *2–3 (citing cases).

"On the other hand, a request for injunctive relief is the primary or principal relief sought, and section 65.023 therefore governs venue, when the plaintiff specifically pleads for permanent injunctive relief, when the plaintiff seeks only declaratory and injunctive relief that are essentially mirror image claims, and/or the claims cannot be resolved solely as a declaratory judgment." *Id.* at * 3 (citing *In re Daniel*, No. 12–06–00232–CV, 2006 WL 2361350, at * 3 (Tex. App.—Tyler Aug. 16, 2006, orig. proceeding) (mem. op.) (citing *In re Cont'l Airlines*, 988 S.W.2d at 736)).

Here, the live pleading seeks no injunctive relief, and the original petition only mentioned injunctive relief in passing in one paragraph as an ancillary request for relief to prevent further asset transfers. Enterprise did not seek permanent injunctive relief, and the pleading's prayer did not request any injunctive relief. The mention of injunctive relief in the original petition merely sought to maintain the status quo and cannot reasonably be viewed as the primary or principal relief sought. The same analysis applies regarding Enterprise's original request for a receiver over

the transferred assets. Section 64.071 provides that "an action to have a receiver appointed for a corporation with property in this state shall be brought in the county in which the principal office of the corporation is located." TEX. CIV. PRAC. & REM. CODE ANN. § 64.071 (West 2008). Like the request for an injunction, the request for a receiver was an ancillary request for relief that is no longer requested in the live pleading. The trial court did not abuse its discretion by denying the motion to transfer venue on these grounds.

Relators have not established that the mandatory venue provisions cited apply to Enterprise's claims as a matter of law. As such, they have not established an abuse of discretion or a right to mandamus relief.

**Plea to the Jurisdiction**

Orders denying a plea to the jurisdiction are generally not reviewable by mandamus because an adequate appellate remedy exists. *In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding). An exception to the general rule arises when one court renders an order that directly interferes with another court's jurisdiction because, in that situation, appellate relief is inadequate. *In re SWEPI, L.P.*, 85 S.W.3d 800, 808 (Tex. 2002) (orig. proceeding). Other exceptions include situations in which a state agency has exclusive jurisdiction or a trial court's orders interfere with the authority of a state agency. *See, e.g., In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex. 2004) (orig. proceeding) (applying exception where Public Utility Commission of Texas had exclusive jurisdiction, because permitting a trial to go forward would interfere with the important legislatively-mandated function and purpose of the Commission); *In re State Bar of Tex.*, 113 S.W.3d at 734 (applying exception for interference with the authority of a state agency); *In re Tex. Mut. Ins. Co.*, No. 05-05-00944-CV, 2005 WL 1763562, at *2 (Tex. App.—Dallas July 27, 2005, orig. proceeding) (mem. op.) (trial court lacked jurisdiction where employee had not

exhausted administrative remedies and Worker's Compensation Commission had exclusive jurisdiction).

None of those exceptions apply here. Although Enterprise intervened in the Parker County case, it did so to stake a statutorily available claim to any remaining Brazos assets that may be disbursed by the Parker County receiver. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 64.051(a) (West 2008) (a judgment recovered in a suit brought before the receiver was appointed is the last of six claims receiving payment priority in a receivership). In the Dallas County suit, however, Enterprise seeks relators' assets, not Brazos's assets, to pay the Dallas County judgment and compensate Enterprise for the alleged fraudulent transfers to relators. These are two separate suits seeking different relief from different parties. Any judgment in the underlying case will compensate Enterprise for the fraudulent transfer of assets whereas the Parker County suit addresses Brazos's obligations for an unrelated judgment and Enterprise intervened to protect its rights to Brazos assets in light of the timing of the Dallas County judgment.

A judgment on the claims asserted in Dallas County will not interfere with the Parker County court's ability to manage the receivership or render a judgment in the Parker County suit. Enterprise's collection efforts may ultimately be impacted by the Parker County suit, but that does not deprive the Dallas County court of jurisdiction over Enterprise's claims. Indeed, the Parker County receivership order contemplates the existence of concurrent actions in other jurisdictions against Brazos by stating that Brazos and its attorneys may defend against such actions. Jurisdiction over certain assets does not equate to exclusive jurisdiction over any and all claims against the defendant, let alone against co-conspirators who allegedly aided the defendant's efforts to hide assets to avoid paying a judgment. On this record, relators have not established that the order denying the plea to the jurisdiction is subject to mandamus review. Relators have an

adequate remedy on appeal and, as such, we deny the petition for writ of mandamus as to the denial of the plea to the jurisdiction.

## Plea in Abatement

Alternatively, Brazos argues that the trial court abused its discretion by not treating Brazos's plea to the jurisdiction as a plea in abatement. Brazos maintains that the plea to the jurisdiction "effectively sought for the" Dallas County court "to not proceed in the below proceeding because Parker County was the court of dominant jurisdiction." But Brazos's plea to the jurisdiction does not mention dominant jurisdiction, does not include any authorities or arguments regarding dominant jurisdiction, and does not ask for an abatement. Rather, the plea to the jurisdiction argues that the Parker County court has exclusive jurisdiction over the assets of Brazos and seeks dismissal of the Dallas County action for want of jurisdiction. "When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated." TEX. R. CIV. P. 71. "Courts should acknowledge the substance of the relief sought despite the formal styling of the pleading." *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam); *see also State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."). But here, the substance of the plea to the jurisdiction is consistent with its title; Brazos sought only a dismissal for want of jurisdiction and not an abatement based on a dominant jurisdiction argument. We decline to construe the plea to the jurisdiction as a plea in abatement. Further, we conclude the trial court did not abuse its discretion by treating the plea to the jurisdiction as a plea to the jurisdiction rather than a plea in abatement.

**Conclusion**

The trial court did not abuse its discretion by denying the motion to transfer venue. Further, Brazos has not shown that it lacks an adequate remedy by appeal as to the denial of its plea to the jurisdiction. Accordingly, we deny relators' petition for writ of mandamus.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


171458F.P05