**Denied and Opinion Filed December 20, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01052-CV

### IN RE KEITH ROSS, Relator

Original Proceeding from the 134th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-18-03754

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Whitehill
Opinion by Justice Lang

In this original proceeding, relator alleges the trial court abused its discretion by denying his motion to transfer venue to Harris County under the mandatory venue provision of section 65.023(a) of the Texas Civil Practice and Remedies Code. Relator seeks a writ of mandamus directing the trial court to vacate its order denying relator's motion to transfer venue and to enter an order granting the motion and transferring the case to Harris County. We stayed the underlying proceedings and requested responses from the real party in interest and respondent. After reviewing the petition, response, reply and mandamus record, we conclude relator is not entitled to the relief requested and deny the petition.

Mandamus relief is the proper remedy to enforce a mandatory venue provision when the trial court has denied a motion to transfer venue. *In re Lopez*, 372 S.W.3d 174, 176–77 (Tex. 2012) (citing *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 735 (Tex. 1998) (orig. proceeding); TEX. CIV. PRAC. & REM. CODE § 15.0642). Ordinarily, mandamus relief is proper when the trial court

has abused its discretion and a party has no appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "However, where a party seeks to enforce a mandatory venue provision a party is only required to show that the trial court clearly abused its discretion by failing to transfer the case and is not required to prove that it lacks an adequate appellate remedy." *In re Lopez*, 372 S.W.3d at 176–77.

Section 65.023 applies to suits "in which the relief sought is purely or primarily injunctive" and provides for mandatory venue in the county in which the parties sought to be enjoined reside. TEX. CIV. PRAC. & REM. CODE ANN. § 65.023(a) (writs of injunction against a Texas resident "shall be tried in a district or county court in the county in which the party is domiciled"); *In re Cont'l Airlines*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding); *In re Ameri-Fab, LLC*, No. 05-17-01458-CV, 2018 WL 739791, at *2 (Tex. App.—Dallas Feb. 7, 2018, orig. proceeding) (mem. op.); *In re FPWP GP LLC*, No. 05-16-01145-CV, 2017 WL 461355, at *1 (Tex. App.—Dallas Jan. 25, 2017, orig. proceeding) (mem. op.). Section 65.023 does not apply, however, when the injunctive relief is ancillary to the other relief sought. *In re Ameri-Fab, LLC*, at *2 (citing *In re FPWP GP LLC*, 2017 WL 461355, at *2–3).

Here, the parties dispute whether the primary purpose of the lawsuit is injunctive. Real party in interest Southwest Risk, LP sued relator and a co-defendant for allegedly breaching their employment agreements with Southwest and allegedly misappropriating Southwest's confidential and proprietary information and trade secrets. Southwest also seeks a permanent injunction. Relator maintains that section 65.023 mandates venue in Harris County because Southwest seeks a permanent injunction and relies on the following from this Court's opinion in *In re FPWP* to support that argument:

> On the other hand, a request for injunctive relief is the primary or principal relief sought, **and section 65.023 therefore governs venue, when the plaintiff specifically pleads for permanent injunctive relief**, when the plaintiff seeks only

> declaratory and injunctive relief that are essentially mirror image claims, and/or the claims cannot be resolved solely as a declaratory judgment.

*In re FPWP GP LLC*, 2017 WL 461355, at * 3 (emphasis provided by relator) (citing *In re Daniel*, No. 12–06–00232–CV, 2006 WL 2361350, at * 3 (Tex. App.—Tyler Aug. 16, 2006, orig. proceeding) (mem. op.) (citing *In re Cont'l Airlines*, 988 S.W.2d at 736)); *see also In re Ameri-Fab*, 2018 WL 739791, at *2 (citing the above quote as part of discussion of applicable law). Relator does not, however, argue that the purpose of this suit is purely or primarily injunctive. Rather, relator relies on *In re FPWP* for the proposition that if a party pleads for a permanent injunction, then the case falls under section 65.023 and venue is governed by that statute. Southwest, in contrast, maintains that the injunctive relief sought is ancillary to its claims for damages caused by relator's and his co-defendant's breach of their employment agreements and misappropriation of Southwest's trade secrets and confidential and proprietary information. We agree with Southwest.

When a party seeks a permanent injunction as well as other relief, a court must review the pleadings and relief sought to determine the applicability of section 65.023. *See Shuttleworth v. G & A Outsourcing*, *Inc.*, No. 01-08-00650-CV, 2009 WL 277052, at * 3 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, no pet.) (mem. op.); *see also Hogg v. Prof'l Pathology Assocs., P.A.*, 598 S.W.2d 328, 330 (Tex. App.—Houston [14th Dist.] 1980, writ dism'd). The inclusion of a request for permanent injunction as one of multiple requests for relief is not alone sufficient to require application of section 65.023. Here, the pleadings show that Southwest seeks substantial damages against relator and seeks injunctive relief to prevent future violations of the employment agreement. Further, the claims for monetary damages are not mirror images of the claims for injunctive relief. Under this record, we conclude the injunctive relief is ancillary to and in support of Southwest's desire for compensation from relator's alleged wrongdoing and for prevention of

–3–

future wrongdoing.  As such, section 65.023 does not apply and the trial court did not abuse its discretion by denying relator's motion to transfer venue.

Accordingly, we deny relator's petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE


181052F.P05