**Petition for Writ of Mandamus Denied and Opinion filed February 21, 2025.**



In The
# Fifteenth Court of Appeals

---

### NO. 15-24-00131-CV

---

### IN RE ETC FIELD SERVICES, LLC, Relator

---

### ORIGINAL PROCEEDING
**Business Court Division 8A, Tarrant County, Texas
Case No. 24-BC08B-0001**

---

## OPINION

This is one of several original proceedings challenging an order by the new business court remanding to the district court a civil action commenced before September 1, 2024. The bill creating the business court states that "changes in law made by this Act apply to civil actions *commenced* on or after September 1, 2024."[1] Because removal to the business court does not "commence" a new civil

---

[1]     Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8 (emphasis added).

action but simply transfers an existing one, we hold the new removal statute does not apply, and the business court did not err by remanding it.

## BACKGROUND

On March 17, 2017, Tema Oil and Gas Co. sued Relator ETC Field Services, LLC, in Tarrant County district court for breach of a gas-purchase contract. After seven years of litigation, in June of 2024 the parties jointly requested a preferential trial setting in the spring of 2025. But less than three months after that request, ETC unilaterally removed the suit to the newly created Texas business court. Tema moved to remand the case back to the Tarrant County district court, and the business court granted that motion by written opinion signed November 6, 2024.

Two days later, ETC appealed the remand order to this Court. Tema moved to dismiss the appeal on the ground that it was not a final order and no statute authorized an interlocutory appeal.[2] ETC defended the interlocutory appeal, but alternatively filed this original proceeding for mandamus relief if interlocutory appeal was unavailable. We hold today that no interlocutory appeal is available in these circumstances. *See ETC Field Servs., LLC v. Tema Oil and Gas Co.*, No. 15-24-00124-CV (Tex. App.—15th Dist., Feb. 21, 2025).

"But that of course does not preclude mandamus review."[3] "[T]he Legislature's decision to forego interlocutory review of *all* pending cases in no way suggests it intended interlocutory review of *none* of them."[4] Accordingly, we

---

[2]     Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction, *ETC Field Servs., LLC v. Tema Oil and Gas Co.*, No. 15-24-00124-CV (Tex. App. —15th Dist., Nov. 13, 2024).

[3]     *In re Schmitz*, 285 S.W.3d 451, 458 (Tex. 2009); *see In re Gulf Expl., LLC*, 289 S.W.3d 836, 841 (Tex. 2009); *Deloitte & Touche, LLP v. Fourteenth Court of Appeals*, 951 S.W.2d 394, 396 (Tex. 1997) ("Further, our mandamus jurisdiction is not dependent on appellate jurisdiction.").

[4]     *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 466 (Tex. 2008).

turn to that issue in this opinion.

## ANALYSIS

"Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy."[5] We address each requirement in turn.

### I.    No Abuse of Discretion

House Bill 19 created a new statewide business court as of September 1, 2024.[6] The Act provided for removal of actions pending in a local trial court to the business court, to be accomplished by filing a notice of removal in both courts within 30 days after discovery of facts establishing the business court's jurisdiction.[7] The action would then "immediately" be transferred to the business court and assigned to the appropriate division of that court.[8]

While the effective date of the Act was September 1, 2023,[9] the business court itself was not actually created until September 1, 2024.[10] So the Act provided that "[t]he changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."[11] The question here is whether a civil action filed before that date in a local trial court could properly be removed to the business court after that date. We hold that it cannot, since removal does not "commence" a new action in the business court after the Act's effective date, but simply transfers a pre-existing one.

---

[5]    *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024).

[6]    Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 5.

[7]    TEX. GOV'T CODE § 25A.006(d), (f).

[8]    *Id*. § 25A.006(g).

[9]    Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 9.

[10]    *Id*. § 5.

[11]    *Id*. §§ 8, 9.

*Commence* means to "begin" or "start," and is used primarily in "more formal associations with law and procedure, combat, divine service, and ceremony."[12] The Texas rules of procedure use the term in the precise context of starting a new lawsuit: "A civil suit in the district or county court shall be *commenced* by a petition filed in the office of the clerk."[13] This civil action was thus "commenced" in the Tarrant County district court on March 17, 2017, not in the business court. Its removal to the business court seven years later on September 11, 2024 [R.011] did not *commence* a new civil action but *continued* the previous one in a different court.[14]

The Legislature's choice of "commenced" rather than "filed" appears to be deliberate. The term *filed* can mean to "commence a lawsuit" in some contexts, but it's primary meaning is to "deliver a legal document to the court clerk … for placement into the official record."[15] The rules of procedure employ this broader meaning by requiring that *all* pleadings and motions "must be filed with the clerk of the court" unless tendered in open court. TEX. R. CIV. P. 21(a) (emphasis added). Chapter 25A uses "filed" more than a dozen times to refer to filings in both local trial courts and the business court.[16] But Chapter 25A uses "commenced" only in its effective date clause. So while this civil action was "filed" in the 236th district court before removal *and* also "filed" in the Business Court after removal, it was "commenced" only in the former. And that was before the effective date of

---

[12]  *Commence*, Garner, Bryan A., GARNER'S MODERN ENGLISH USAGE 225 (5th ed. 2022); *see also* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 264 (1985) ("1: to have or make a beginning: START"); RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 295 (unabridged ed. 1966) ("to begin; start").

[13]  TEX. R. CIV. P. 22 (emphasis added).

[14]  *See* TEX. GOV'T CODE § 25A.006(g); TEX. R. CIV. P. 355(e).

[15]  *File*, BLACK'S LAW DICTIONARY 768 (12th ed. 2024).

[16]  *See, e.g.*, TEX. GOV'T CODE § 25A.006(a), (d)–(g).

September 1, 2024.

The structure of Chapter 25A makes plain the same distinction between an "initial filing" in the Business Court (§ 25A.006(a)–(c)) and a later "removal" to the Business Court (§ 25A.006(d)–(j)). It provides that removal does not commence a new civil action but transfers an existing one: "the clerk of the court in which the action was originally filed shall immediately transfer the action to the business court in accordance with rules adopted by the supreme court."[17] The rules of civil procedure adopted by the Supreme Court also distinguish between an "Action Originally Filed in the Business Court" (TEX. R. CIV. P. 354) and an "Action Removed to the Business Court" (TEX. R. CIV. P. 355). As a result, removal of a pending civil action does not *commence* a new civil action in the Business Court but simply *transfers* an existing one. We assume the Legislature used "commenced" advisedly in the effective date clause for just this purpose.[18]

A different case would be presented if a civil action filed in a district court were nonsuited (an "unqualified and absolute" right under Texas law),[19] and a new civil action commenced in the business court. But that did not occur here and should become unlikely in the future as time and limitations pass.[20]

ETC points out correctly that chapter 25A does not explicitly say it applies "only" to cases commenced on or after September 1, 2024, and for cases

---

[17]    *Id*. § 25A.006(g).

[18]    *See, e.g.*, *In re Cont'l Airlines, Inc*., 988 S.W.2d 733, 735 (Tex. 1998).

[19]    *See Morath v. Lewis*, 601 S.W.3d 785, 787 (Tex. 2020).

[20]    The general tolling provision would not apply to such actions since it is limited to cases dismissed "because of lack of jurisdiction in the trial court where the action was first filed." TEX. CIV. PRAC. & REM. CODE § 16.064(a)(1). But a similar tolling provision applies to timely filed actions dismissed by the business court. *See* TEX. R. CIV. P. 357 ("If the business court dismisses an action or claim and the same action or claim is filed in a different court within 60 days after the dismissal becomes final, the applicable statute of limitations is suspended for the period between the filings.").

commenced before that date does not expressly prohibit removal or state that previous law governs.[21] With perfect hindsight, one can always rewrite a statute to make it more plain. But the Legislature is not required to exercise perfect hindsight, and "we cannot re-write this section to make its boundaries more distinct."[22] The fundamental problem here is that if the Act were to apply to civil actions commenced *both before and after* the effective date, the effective date itself would be meaningless; the Act would apply to all cases everywhere all at once. We cannot construe this effective date to effectively eliminate any effective date.[23]

Because removal to the business court does not apply to cases commenced elsewhere before September 1, 2024, we hold the business court did not abuse its discretion by remanding this civil action to the district court from which it came.

## II.    Adequate Remedy by Appeal

Normally, we would not address whether an adequate remedy exists if we find no abuse of discretion.[24] But the Supreme Court has repeated twice recently that in complex cases it may be prudent for courts of appeals to address alternative issues in the interest of judicial economy, rather than having cases "bounce back and forth … between levels of the court system" should the Supreme Court take a different view.[25] Because the issues here have already been raised in other appeals,

---

[21]    *See, e.g.*, Act of June 17, 2011, 82nd Leg., R.S., ch. 341, § 3, 2011 Gen. Laws 961, 964 (adopting TCPA); Act of May 28, 2021, 87th Leg., R.S., ch. 665, § 2, 2021 Tex. Gen. Laws 1391, 1391 (amending TEX. CIV. PRAC. & REM. CODE § 38.001).

[22]    *City of San Antonio v. Hartman*, 201 S.W.3d 667, 673 (Tex. 2006).

[23]    *See Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex. 1978) ("[T]he Legislature did not intend to do a useless thing by putting a meaningless provision in a statute.").

[24]    *E.g., In re Palacios*, 221 S.W.3d 564, 566 (Tex. 2006).

[25]    *Tex. Comm'n on Envtl. Quality v. Maverick Cnty.*, 642 S.W.3d 537, 549–50 (Tex. 2022) (holding opinion addressing alternative ground is not an advisory); *see also Point Energy Partners Permian, LLC v. MRC Permian Co.*, 669 S.W.3d 796, 812 (Tex. 2023) (same); *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996) ("We conclude that the court of appeals should consider all grounds that the trial court rules on and may consider grounds that

and in this unique context of new trial and appellate courts interpreting new rules, we briefly address when mandamus review might be available in this Court.

First, the absence of a right to interlocutory appeal neither requires nor precludes mandamus review. "There is no definitive list of when [a final] appeal will be adequate, as it depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding."[26] Removal of qualifying cases to the business court is a statutory right that must be respected, so we decline to say there can be no immediate review in cases where that right is improperly granted or denied. But appellate review of *every* order granting or denying remand would add "unproductively to the expense and delay of civil litigation."[27] "Prudent mandamus relief is also preferable to legislative enlargement of interlocutory appeals,"[28] in part because our rules allow appellate courts to deny mandamus relief without waiting for a response or issuing an opinion.[29]

Second, the business court was designed for prompt and uniform resolution of complex business litigation,[30] and restricted from adjudicating claims for medical or legal malpractice, or for monetary damages for bodily injury or death.[31] Business court judges are required to have expertise not generally required of other judges.[32] But these advantages are not always unique, and removal or remand may

---

the trial court does not rule on in the interest of judicial economy.").

[26] *In re Gulf Expl., LLC*, 289 S.W.3d 836, 842 (Tex. 2009); *see also In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 872 (Tex. 2021) ("We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments.").

[27] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004).

[28] *Id*. at 137.

[29] *See* TEX. R. APP. P. 52.4, 52.8.

[30] *See* TEX. GOV'T CODE § 25A.004 (listing business court's special jurisdiction).

[31] *See id*. § 25A.004(h).

[32] *See id*. § 25A.008(a)(4) (requiring 10 years of experience in complex civil business

not result in the same degree of "time and money utterly wasted"[33] since the business court's jurisdiction is "concurrent" with that of other district courts,[34] and the same rules of "[p]ractice, procedure, rules of evidence, issuance of process and writs, and all other matters pertaining to the conduct of trials, hearings, and other business" generally apply in both.[35] The advantage of occasional mandamus review is that these factors may have greater case-specific benefits in some suits than in others, and would be less intrusive than if every remand order must be reviewed by interlocutory appeal.

Third, the Act seeks to create a consistent, uniform, and predictable body of corporate and business law by creating a single business court with multiple divisions rather than multiple courts with separate jurisdictions. Business court judges are required to issue written opinions on dispositive rulings at any party's request, and without any request on issues important to the jurisprudence of the state.[36] Business court orders, judgments, and actions are appealed to this Court alone, rather than one of our 14 sister courts of appeals.[37] Mandamus review of significant rulings in exceptional cases would allow this Court "to give needed and helpful direction to the law that would otherwise prove elusive,"[38] without unduly interfering on "issues that are unimportant both to the ultimate disposition of the

---

litigation, business transaction law, judicial service in a court with civil jurisdiction, or any combination of the foregoing).

[33]     *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014).

[34]     TEX. GOV'T CODE § 25.004(b)–(f).

[35]     *Id.* § 25A.015(g); TEX. R. CIV. P. 2.

[36]     *See id.* § 25A.016; TEX. R. CIV. P. 360.

[37]     *See id.* § 25A.007.

[38]     *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004).

case at hand and to the uniform development of the law."[39]

Considering the benefits and detriments here, we do not believe extended mandamus review is warranted. The parties have had seven years to prepare for trial and requested a preferential trial setting before this action was removed, so many potential benefits of pretrial proceedings in a specialized business court are so much water under the bridge. If trial proceeds before a jury, it would be before a Tarrant County jury regardless of removal or remand.[40] And as noted in part I, we believe the Legislature has specifically designed the effective date here to preclude removal of cases commenced elsewhere before that date.[41]

## CONCLUSION

"Appellate courts cannot afford to grant interlocutory review of every claim that a trial court has made a pre-trial mistake. But we cannot afford to ignore them all either."[42] For the reasons stated in part I, we hold that civil actions transferred to the business court by removal must be remanded if they were commenced in another court before September 1, 2024. But for the reasons stated in part II, we hold that in these early days of business court litigation, remand and removal is subject to review by mandamus according to the same principles and rules as in any other pretrial orders, but those rules do not justify relief here. For both of those reasons, ETC's petition for mandamus is denied.

---

[39]    *Id.*

[40]    *See* TEX. GOV'T CODE § 25A.015(c).

[41]    *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 461 (Tex. 2008) ("[O]ur place in a government of separated powers requires us to consider also the priorities of the other branches of Texas government.").

[42]    *Id.* at 461.

_____
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

10